**Luis Enrique Leon SANTOS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74386.**

**Agency No. A70–643–893.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

Luis Enrique Leon Santos, pro se, Santa Ana, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Carl H. McIntyre, Jr., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Luis Enrique Leon Santos, a native and citizen of Peru, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and for relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence and uphold the IJ's decision unless the evidence compels a contrary result. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

At his removal hearing, Leon Santos testified that he attended Shining Path meetings voluntarily; that no harm came to him when he refused to formally join the Shining Path; and that he applied for asylum in order to obtain a work permit. Therefore, substantial evidence supports the IJ's determination that Leon Santos' asylum claim was based upon economic motives and not his fear of political persecution. *See Raass v. INS,* 692 F.2d 596, 596 (9th Cir.1982) (denying asylum claim based on generalized economic disadvantage). Because Leon Santos did not establish eligibility for asylum, he necessarily fails to establish eligibility for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Leon Santos is not entitled to relief under the Convention Against Torture because he did not demonstrate that it was more likely than not that he would be tortured if returned to Peru. *See* 8 C.F.R. § 208.16; *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.